**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | No. 1:08CR415 (FB) |
| RALPH CIOFFI and MATTHEW TANNIN. | ) ) ) ) ) | September 22, 2009 |

**SUPPLEMENTAL MEMORANDUM REGARDING THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The government asked this Court to delay ruling on its 404(b) motion on the grounds that it was seeking additional documents relating to the pledge of Mr. Cioffi's Enhanced Leverage investment as collateral for a loan in Florida. Despite conceding that it did not yet have the pertinent documents, the government nonetheless proceeded to make numerous false and inflammatory accusations against Mr. Cioffi – both in the letter it filed publicly on the ECF system on the evening of September 16, and during the hearing in open court the next day. Unbelievably, the government's most recent filing persists with these false accusations, and even adds new ones, without acknowledging that Bear Stearns recently produced exculpatory documents relating to the Florida loan, *including a Consent and Agreement to Mr. Cioffi's pledge of his hedge fund investment as collateral for the loan, signed by a Managing Director of BSAM.* See Exhibit ("Ex.") 1.[1]

The government should not be allowed to introduce evidence regarding Mr. Cioffi's posting of his hedge fund investment as collateral for at least three independent reasons.

---

[1] Out of an abundance of caution, we are seeking to file the exhibits referenced herein under seal because Bear Stearns produced them to the government with a request for confidential treatment.

First, Mr. Cioffi's posting of his investment as collateral is irrelevant to the government's charge of insider trading. As the Court stated at the September 17 hearing: "I think it is a push. I think it is a stretch. It just doesn't ring a bell with me." Hrng. Tr. at 27-28. The Court's instincts are correct. Mr. Cioffi was under no duty to alert BSAM's independent directors or the Enhanced Fund's investors of his posting of his hedge fund investment as collateral. In any event, under the government's insider trading theory, the relevant issue is whether Mr. Cioffi had a duty to notify BSAM's independent directors or the Fund's investors of a partial redemption of his investment, not an encumbrance of his investment (which implicates the entirely separate issue of the entity with which the collateral is posted potentially becoming an investor in the Fund). The government either can establish the duty it asserts or it cannot. The government's proposed 404(b) evidence simply is irrelevant to whether Mr. Cioffi committed insider trading.

Second, the proposed 404(b) evidence will create a trial-within-a-trial on an irrelevant issue that will confuse the jury and needlessly prolong the trial. The government presumably will call witnesses to try to prove that Mr. Cioffi should not have encumbered his hedge fund investment, and (as set forth below) Mr. Cioffi will call witnesses and introduce documentary evidence to prove that his real estate investment and posting of his hedge fund investment as collateral were fully approved by BSAM and its lawyers. It is unproductive, to say the least, to spend days of trial wrangling over an issue that has no relevance to the government's charges.

Third, the government has its facts wrong. The actual facts demolish what the government told this Court.

The government falsely stated to this Court:

- That BSAM had provided "clear instructions" that Mr. Cioffi was not to pledge his investment as collateral.  (9/16/09 Letter from J. McGovern at 2.)

- "[T]hat after Bear Stearns told Mr. Cioffi that he did not have permission to do this, to encumber his assets in the hedge fund, that he actually went ahead and did it anyway." (Tr. 9/17/09 at 26.)

- That permission from Bear Stearns to enter into the pledge agreement was "ultimately denied."  (Tr. 9/17/09 at 26.)

- That this denial was prompted, in part, because "BSAM believed that such an encumbrance of his investment would have to be disclosed to investors in the Fund." (9/16/09 Letter from J. McGovern at 2.)

- That the witness upon whom the government purports to rely was a Director of the Enhanced Fund.[2]  (9/16/09 Letter from J. McGovern at 2 and 3.)

In addition, in support of its "conspiracy theory" regarding the pledge, 9/16/09 Letter from J. McGovern at 3, the government misleadingly argued that Mr. Cioffi utilized Mr. Tannin to accomplish the pledge over BSAM's objection.  The government declared that Mr. Tannin had signed off as a representative of BSAM, Tr. 9/17/09 at 27, but the government failed to disclose that the document it was then referencing contained signature lines for <u>both</u> Mr. Tannin <u>and</u> a Managing Director of BSAM.[3]  <u>Id.</u>

The facts are as follows:

- The Florida real estate investment was approved by BSAM's Compliance Department, Outside Interests Group.  Ex. 6.

- The Florida real estate investment also was approved by a Senior Managing Director of BSAM.  Ex. 7.

---

[2] In fact, the witness did not become a Director of the Enhanced Fund until 2007.  Ex. 2.

[3] Unlike the government's witness, the Managing Director who signed the Consent and Agreement was both a Director of the Enhanced Fund in November 2006, Ex. 3, and explicitly authorized to sign agreements on behalf of BSAM in its capacity as Investment Manager for the hedge funds (as was Mr. Tannin).  <u>See</u> Ex. 4 and 5.

3

- In-house counsel for BSAM appears to have drafted the Consent and Agreement regarding the pledge, which was then forwarded to Busey Bank for its consideration on November 14, 2007.  Exs. 8 and 9.

- On November 29th the Consent and Agreement was sent back to BSAM's in-house counsel, seeking confirmation that the agreement was acceptable.  Ex. 10.

- The lawyer's response recommended only clerical edits.  Ex. 11.

- A Managing Director of BSAM, who was also a Director of the Enhanced Fund, signed the Consent and Assignment on behalf of BSAM.  Ex. 1.

- BSAM was advised by its outside counsel that "it was not necessary to disclose [the pledge] to investors."  Ex. 12.

Thus there is no question that, contrary to the government's allegations, BSAM vetted and approved Mr. Cioffi's pledge of his interests in the Enhanced Fund as collateral for the Florida loan.

Confronted with these facts, the government threw out yet another baseless allegation in its filing with the Court early this morning—alleging that Mr. Cioffi somehow "impeded the government from obtaining evidence" when he requested that Busey Bank locate his loan file and provide him a copy of the Consent and Agreement.  It is preposterous for the government to suggest that it was "obstruction" for Mr. Cioffi to seek a copy of the bank records that vindicate him (as reflected in Ex. 1).

\* \* \* \* \* \* \* \*

In sum, while the government's latest theory of relevancy has served the purpose of inflaming the interests of the press, the fact remains that the evidence at issue is irrelevant and a distraction from the charges at hand.  Furthermore, the facts are just the opposite of what the government claimed, and the true facts belie the government's theory of relevancy.

The government's motion to admit evidence of the pledge pursuant to Fed. R. Evid. 404(b) should be denied.

4

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP


        By:    /s/ Margaret A. Keeley
                Brendan V. Sullivan, Jr.
                Dane H. Butswinkas
                R. Hackney Wiegmann
                Margaret A. Keeley

                725 Twelfth Street, N.W.
                Washington, D.C. 20005
                (202) 434-5000 (phone)
                (202) 434-5029 (fax)
                mkeeley@wc.com (e-mail)

        *Attorneys for Ralph Cioffi*

Dated:  September 22, 2009

## CERTIFICATE OF SERVICE

I, Margaret A. Keeley, counsel for defendant Ralph Cioffi, hereby certify that on September 22, 2009, I caused true and correct copies of:

1. Ralph Cioffi's Supplemental Memorandum in Opposition to Government's Motion to Admit 404(b) Material;

2. Declaration of Margaret A. Keeley in Support of Ralph Cioffi's Supplemental Memorandum in Opposition to Government's Motion to Admit 404(b) Material and related exhibits; and

3. Application for Leave to File Documents Under Seal for the above-described Declaration of Margaret A. Keeley and related exhibits.

to be served on the following attorneys by overnight Federal Express:

Patrick Sean Sinclair
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Nina Minard Beattie
Brune & Richard LLP
80 Broad Street
30th Floor
New York, NY 10004

Respectfully submitted,

/s/ Margaret A. Keeley
Margaret A. Keeley

Dated:  September 22, 2009