EXHIBIT A

sw.frm (Rev. EDNY 1996) Search Warrant

# United States District Court

_____ EASTERN _____ **DISTRICT OF** _____ NEW YORK _____

In the Matter of the Search of

IN THE MATTER OF THE SEARCH OF THE
ELECTRONIC MAIL USER ACCOUNT
matt.tannin@gmail.com

## SEARCH WARRANT
CASE NUMBER:

TO:  Special Agent John Pinto _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by    Special Agent John Pinto who has reason to
Affiant

believe that [    ] on the person of or [ X ] on the premises known as

THE PREMISES KNOWN AND DESCRIBED AS ELECTRONIC MAIL ADDRESS
"matt.tannin@gmail.com"

in the _____ NORTHERN _____ District of _____ CALIFORNIA _____ there is now concealed a certain person or property, namely (describe the person or property) **SEE ATTACHMENT A** Ⅱ

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before___ October 19, 2009 _____
Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search in the daytime - 6:00 A.M. to 10:00 P.M. and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to _any U.S. Magistrate Judge_  as required by law. Execution of this Warrant shall be in accordance with Attachment A I and ##19-20 of the affidavit of Agent Pinto.

October 9, 2009  at 6:37 PM _____ at Brooklyn, New York _____
Date and Time Issued                                         City and State

Hon. Marilyn D. Go _____
United States Magistrate Judge                Signature of Judicial Officer

## Attachment A

### I.   Service of Warrant and Search Procedure

A.   The officer executing this warrant shall effect service by any lawful method to Google.

B.   In order to minimize any disruption of computer service to innocent third parties, the officer executing this warrant shall direct Google employees to locate, isolate, and create an exact duplicate of all records and contents of electronic mail associated with the applicable subscriber accounts described in Section II, below, respectively.

C.   The term "electronic mail" includes all of the items described in this Attachment in whatever form and by whatever means they may have been created or stored, including without limitation any electronic or magnetic form (such as hard drives, floppy disks, CD-ROMs, backup tapes, and printouts or readouts from any such media), and any handmade, mechanical, or photographic form (such as writing, printing, typing or photocopies).

D.   Google employees will provide the exact duplicate in electronic form (or in printouts if the original records are not in electronic form) of the applicable electronic mail messages described in Section II below to the agent who serves this search warrant, who need not be present at the location specified in the warrant during Google's retrieval of records, as permitted in 18 U.S.C. § 2703(g).

## II.  Electronic Mail and Other Records to be Copied by Google Employees and Seized

All records and other stored information pertaining to the categories specified below, in whatever form kept, in the possession or control of Google, 1600 Amphitheatre Parkway, Building 47, Mountain View, California, 94043, relating to the accounts associated with the Gmail e-mail account "matt.tannin@gmail.com" *from August 13, 2007 through November 7, 2007:*

i.   all subscriber information (including subscriber names, addresses, telephone numbers, dates of birth, social security numbers, account numbers, status of account, duration of account and method of payment);

ii.  all account history (including customer Terms of Service and any complaints);

iii. all detailed billing records (including date, time, duration, and screen name used each time a particular account was activated);

iv.  a complete log file of all activity relating to the account(s) (including dates, times, method of connection, Internet Provider connection log, port, dial-up and/or location);

v.   all records of subscriber account preferences, including but not limited to, the name and Internet address of any "favorite places" or "book-marked" websites specified by the user(s) of the accounts, along with any "address books," "buddy lists," or "member profiles" maintained by, or related to, the account(s);

TGSW 000000064

vi.  all e-mail from August 13, 2007 through November 7, 2007, including any attachments, and all instant messages, sent by or received by the accounts, whether saved or deleted, whether contained directly in the e-mail account or in a customized "folder"; and

vii. all web-pages, including any associated links, that were created or maintained by the user(s) of the above-described account from August 13, 2007 through November 7, 2007.

TGSW 000000065

MJF:PT
F.# 2007R01328

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

IN THE MATTER OF THE SEARCH OF          AFFIDAVIT IN SUPPORT
ELECTRONIC MAIL USER ACCOUNT            OF A SEARCH WARRANT
matt.tannin@gmail.com

- - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

John Pinto, being duly sworn, deposes and says:

1.    I am a Special Agent with the Federal Bureau of
Investigation ("FBI").  As such, I am an "investigative or law
enforcement officer" within the meaning of Title 18, United
States Code, Section 2510(7), that is, an officer of the United
States who is empowered by law to conduct investigations and to
make arrests for offenses enumerated in Title 18, United States
Code, Section 2516.

2.    I have reviewed the attached affidavit in support
of a search warrant of FBI Special Agent Mark Munster dated July
7, 2009, attached hereto as Exhibit A, seeking the contents of
the SUBJECT E-MAIL ACCOUNT for the period up through August 12,
2007.  That search warrant related to the case of United States
v. Ralph Cioffi and Matthew Tannin, 08 CR 415 (FB), in which
Cioffi and Tannin are charged with conspiracy to commit
securities fraud and wire fraud, in violation of 18 U.S.C. § 371;
securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff;
insider trading (Cioffi only), in violation of 18 U.S.C. §§

2

78j(b) and 78ff; and wire fraud, in violation of 18 U.S.C. §
1343.

3.    This affidavit is submitted in support of a
search warrant for the contents of electronic mail ("e-mail") for
user account "matt.tannin@gmail.com" ("THE SUBJECT E-MAIL
ACCOUNT") on Google, Inc. ("Google"), located at 1600
Amphitheatre Parkway, Building 47, Mountain View, California for
the period of August 13, 2007 through November 7, 2007.  Based on
the facts set forth in this Affidavit, I respectfully submit that
there is probable cause to believe that there is presently
located in THE SUBJECT E-MAIL ACCOUNT evidence of violations of
18 U.S.C. §§ 371 and 1343, and 15 U.S.C. §§ 78j(b) and 78ff
(conspiracy, wire fraud, and securities fraud).

COMPUTERS AND THE INTERNET

4.    Based on my knowledge, training, and experience, and the experience of other law enforcement officers, I have knowledge of the Internet and how it operates.  The Internet is a worldwide computer network which connects computers and allows communications and transfer of information and data across state and national boundaries.  Individuals who use the Internet can communicate by using, among other methods, e-mail.  The following paragraphs describe some of the functions and features of the Internet as it relates to the subject of this search warrant.

A.   Electronic Mail ("E-mail")

5.    An e-mail is an electronic communication which usually contains written correspondence and graphic images.  It is similar to conventional paper mail (a physical communication) in that it is addressed from one individual to another and is usually considered private.

6.    An e-mail usually contains a message "header" which generally displays the sender's e-mail address, the recipient's e-mail address, and the date and time of the e-mail transmission.  E-mail addresses on the internet usually appear in a form which contains first the user's name and the name of the Internet service provider, separated by the "@" symbol, e.g., matt.tannin@gmail.com.

4

B.  <u>Google</u>

7.    Google offers computer Internet services to its
subscribers.  One of these services is e-mail, under the domain
"@gmail.com".  Each Google subscriber uses a computer or wireless
device to connect to Google's central computer system operated by
Google in northern California.  Through e-mail, Google
subscribers can send messages to other e-mail subscribers on the
internet (whether they are Google subscribers or not) and attach
files to those messages.  These files (in computer format) may be
items such as written documents, or graphic image files which are
photographs that have been scanned into the computer system.
Both types of files can be printed out by anyone who has
"downloaded" them and who has access to a printer.

8.    Google subscribers are able to use screen names
during communications which in many cases do not provide the
subscriber's true name or identifying data.  In addition, the
subscriber can fill out a subscriber profile which corresponds to
the subscriber's screen name.  However, the subscriber can put
any identifying information into this profile.  There is no check
by Google or anyone else as to the accuracy of subscriber
information entered into this profile.

9.    Google maintains records pertaining to its
subscribers.  These records include subscriber information,
account access information, e-mail transactional information, and

other information which records the activities and interactions of these accounts.

10.   Any e-mail that is sent to a Google subscriber is electronically stored in the subscriber's "mail box" on Google's central computer system until the subscriber connects to the Google computer system and retrieves his or her messages.  After a subscriber retrieves and deletes a particular message, the message will also be deleted from Google's computer system.  If, however, a subscriber retrieves a message and does not delete it, the message will remain on Google's computer system.

## THE SUBJECT E-MAIL ACCOUNT AND FACTS SUPPORTING PROBABLE CAUSE

11.   A copy of the Indictment captioned United States v. Ralph Cioffi and Matthew Tannin, 08 CR 415 (FB), is attached hereto as Exhibit B and incorporated by reference into this Affidavit.  There are nine counts in the Indictment, including conspiracy to commit securities fraud and wire fraud, in violation of 18 U.S.C. § 371; securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; insider trading (Cioffi only), in violation of 18 U.S.C. §§ 78j(b) and 78ff; and wire fraud, in violation of 18 U.S.C. § 1343.

12.   In or about November 2007, the U.S. Attorney's Office for the Eastern District of New York and the Securities and Exchange Commission received a paper copy of an e-mail string ("The G-Mail") which was sent from THE SUBJECT E-MAIL ACCOUNT to

6

the e-mail of "pacioffi@hotmail.com" entitled "Things to Think about - Parts I and II."  The first e-mail in the string is date- and time-stamped April 22, 2007 at 8:19 a.m.  The second e-mail in the string is from the account of "pacioffi@hotmail.com" to THE SUBJECT E-MAIL ACCOUNT at 10:11 a.m. on April 22, 2007.  The third e-mail in the string is from THE SUBJECT E-MAIL ACCOUNT to rmcgarrigal@mac.com at 3:36 p.m.  The fourth e-mail in the string is from rmcgarrigal@mac.com to THE SUBJECT E-MAIL ACCOUNT at 4:25 p.m.  The content of the e-mail string is excerpted in part in paragraph 41 of the Indictment.  The G-Mail was produced by Tannin's counsel to Bear Stearns, which in turn produced it to the U.S. Attorney's Office, and is attached hereto and incorporated by reference into this Affidavit.

        13.  At or about the same time that Tannin produced The G-Mail, Ray McGarrigal, a former colleague of Tannin at Bear Stearns, produced another, similar paper copy of The G-Mail through his attorney.  McGarrigal was interviewed and stated, among other things, that: (a) the account of rmcgarrigal@mac.com was McGarrigal's personal e-mail account; (b) THE SUBJECT E-MAIL ACCOUNT was the personal e-mail account of Matthew Tannin, and (c) the account of pacioffi@hotmail.com was the personal e-mail account of Phyllis Cioffi, wife of Ralph Cioffi.  Counsel for Ralph Cioffi represented that, at the time that The G-Mail was sent, he did not have his own personal e-mail account but used

7

his wife's personal e-mail account.  Counsel for Tannin confirmed
that THE SUBJECT E-MAIL ACCOUNT was Tannin's personal e-mail
account.

14.  Based on the investigation of this case, I know
that Ralph Cioffi, Matthew Tannin, and Ray McGarrigal all had
business e-mail accounts on the Bear Stearns server which they
used frequently in the daily course of business.  Thus, given the
candid nature of The G-Mail, it is likely that Matthew Tannin
purposefully used THE SUBJECT E-MAIL ACCOUNT to facilitate the
charged conspiracy.  The conspirators were able to communicate
privately by using THE SUBJECT E-MAIL ACCOUNT, in that their
communications would not be subject to capture and review by Bear
Stearns.

15.  Bear Stearns sent out an evidence preservation
notice to its employees, including Tannin, on June 19, 2007.  In
an interview with counsel for Bear Stearns on June 27, 2007,
Tannin was reminded to retain all documents related to the hedge
funds he managed.  On August 13, 2007, Tannin retained his own
counsel in this matter for the first time.  On November 14, 2007,
an evidence preservation letter was sent to Tannin's counsel by
the Securities and Exchange Commission.  Tannin's e-mails were
subpoenaed by the Securities and Exchange Commission on December
12, 2007.  Tannin did not comply with this subpoena.  On January
8, 2008, Tannin's counsel agreed to produce to the Securities and

8

Exchange Commission all e-mails between Tannin and Bear Stearns employees up through and including August 12, 2007.  Tannin's counsel has not complied with this agreement.

16.  On July 7, 2009 the Honorable Magistrate Judge Cheryl M. Pollak issued a search warrant for the SUBJECT E-MAIL ACCOUNT.  Because Tannin first obtained personal counsel on August 13, 2007, the July 7, 2009 search warrant affidavit only requested e-mails through August 12, 2007.

17.  Google's initial response to the July 7, 2009 search warrant was that the SUBJECT E-MAIL ACCOUNT had been deleted by Tannin in March 2008, and therefore no responsive material existed.  On October 7, 2009, however, Google notified the United States Attorney's Office for the Eastern District of New York that contrary to its earlier representation, Google had in fact retained a copy of the activity, through November 7, 2007, in the SUBJECT E-EMAIL ACCOUNT.  On October 8, 2009, Google provided the United States Attorney's Office with the material responsive to the July 7, 2009 search warrant, the e-mails and related material through August 12, 2007.

18.  The material that Google provided to the United States Attorney's Office for the Eastern District of New York on October 8, 2009 pursuant to the July 7, 2009 search warrant provides further reason to believe that the SUBJECT E-MAIL ACCOUNT contains evidence of Matthew Tannin's commission of the

charged crimes.  In particular, on November 23, 2006, Tannin used the SUBJECT E-MAIL ACCOUNT as a "diary" to write messages to himself.  This "diary entry" in the SUBJECT E-MAIL ACCOUNT is attached hereto as Exhibit C and incorporated by reference.  In this diary entry, Tannin, among other things, notes that the fund he was running might subject investors to "blow up risk."

19.  The government now seeks material from the SUBJECT E-MAIL account from August 13, 2007 through November 7, 2007. Because Tannin engaged private counsel on August 13, 2007, the United States Attorney's Office for the Eastern District of New York will set up a "firewall" and "taint team" procedure to examine the material obtained.  In particular, Assistant United States Attorneys who are not part of the Cioffi-Tannin prosecution team (the "walled Assistant US Attorneys") will review all material obtained pursuant to this search warrant in order to determine whether any materials protected by the attorney-client or other privilege are obtained.  If the materials are determined not to be privileged, the seized materials will be turned over to the agents and Assistant United States Attorneys prosecuting the Cioffi-Tannin case.

20.  If the materials are determined to be privileged, the seized materials will not be shown to the agents and Assistant United States Attorneys prosecuting the case.  Any materials that are arguably privileged or in dispute will be

10

retained by the walled Assistant United States Attorney and submitted to a United States District Court Judge or a United States Magistrate Judge for a ruling as to whether the privilege applies and/or whether the materials fall within any exception to the attorney-client privilege.  The arguably privileged materials retained by the walled Assistant United States Attorneys will not be shown to the agents and Assistant United States Attorneys prosecuting the case unless and until a Judge determines that the materials are not privileged or fall within any exception to the attorney-client privilege.  In addition, throughout the pendency of this investigation and prosecution, including any appeal, the searching agents will be prohibited from speaking to the Assistant U.S. Attorneys and the agents prosecuting the case about any arguably privileged material unless and until a Judge determines that the materials are not privileges or fall within any exception to the attorney-client privilege.

21.  Based on the above, there is probable cause to believe that Matthew Tannin used THE SUBJECT E-MAIL ACCOUNT, and that evidence of the charged crimes is present in THE SUBJECT E-MAIL ACCOUNT.

## PARAMETERS OF LEGAL AUTHORITY

22.   Title 18, United States Code, Chapter 121, Sections 2701 through 2712, is entitled the "Stored Communications Act" ("SCA").   Section 2703 of the SCA sets forth the procedure that federal and state law enforcement officers must follow to compel disclosure of various categories of stored records from network service providers.   As shown from the following provisions of Section 2703, the government may compel disclosure of all stored content and records or other information pertaining to a customer or subscriber of an electronic communication service or remote computer service pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure.

23.   Title 18, United States Code, Section 2703(a) provides, in part:

> A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant.   A governmental entity may require the disclosure by a provider of electronic communications services of the

TGSW 000000011

12

contents of a wire or electronic
communication that has been in
electronic storage in an electronic
communications system for more than
one hundred and eighty days by the
means available under subsection
(b) of this section.

24.   Title 18, United States Code, Section 2703(b)

provides, in part:

(1) A governmental entity may
require a provider of remote
computing service to disclose the
contents of any electronic
communication to which this
paragraph is made applicable by
paragraph (2) of this subsection -

(A) without required notice to the
subscriber or customer, if the
governmental entity obtains a
warrant issued under the Federal
Rules of Criminal Procedure or
equivalent State warrant . . . .

(2) Paragraph (1) is applicable
with respect to any electronic
communication that is held or
maintained on that service -

(A) on behalf of, and received by
means of electronic transmission
from (or created by means of
computer processing of
communications received by means of
electronic transmission from), a
subscriber or customer of such
remote computing service; and

(B) Solely for the purpose of
providing storage or computer
processing services to such
subscriber or customer, if the
provider is not authorized to
access the contents of any such
communications for purposes of

> providing any services other than
> storage or computer processing.

25.  The government may also obtain records and other information pertaining to a subscriber to or customer of an electronic communication service or remote computing service by way of a search warrant.  18 U.S.C. § 2703(c)(1)(A). No notice to the subscriber or customer is required.  18 U.S.C. § 2703(c)(3).

### CONCLUSION

26.  Because there is probable cause to believe that Matthew Tannin used THE SUBJECT E-MAIL ACCOUNT in the course of the charged crimes, it is appropriate for the Court to authorize a search warrant of THE SUBJECT E-MAIL ACCOUNT.  Contents of THE SUBJECT E-MAIL ACCOUNT are being sought for the period from August 13, 2007 through November 7, 2007.  Because Tannin engaged private counsel on August 13, 2007, the United States Attorney's Office for the Eastern District of New York will set up a "wall" and "taint team" procedure to examine the material obtained.  In particular, Assistant United States Attorneys who are not part of the Cioffi-Tannin trial team will review all material obtained pursuant to this search warrant in order to determine whether any materials protected by the attorney-client or other privilege are obtained.  Such privileged material will not be shared with the Cioffi-Tannin trial team.

14

27.   In addition, I believe that to determine the scope
and nature of Matthew Tannin's activity, it is necessary to seize
all images, and all text messages, stored in THE SUBJECT E-MAIL
ACCOUNT, for the following reasons.  First, because voluminous
amounts of information can be stored in a computer account, and
because it might be stored in a deceptive fashion or with
deceptive file names to conceal criminal activity, the searching
authorities must carefully open and examine all the stored data
to determine which of the various files are evidence, fruits, or
instrumentalities of the crime.  This sorting process can be
extremely time consuming and would be impractical to do at
Google's offices.  Second, this sorting process must be done in a
controlled environment, due to the extensive array of computer
hardware and software that might be necessary for computer
experts to analyze the data and to recover potentially "hidden,"
erased, compressed, password-protected, or encrypted files, while
at the same time ensuring the integrity of the data recovered and
reducing the possibility of inadvertent modification of the data
in question.

28.   For these reasons, I request authority to seize
all images, and all text messages and other content stored in THE
SUBJECT E-MAIL ACCOUNT from August 13, 2007 through November 7,
2007, to be searched off-site in a controlled environment.
Federal law enforcement officials will review the records sought

15

by the search warrant and will segregate any messages and content
constituting evidence of violations of federal criminal law.

29.   Based on the facts set forth above, I believe
there is probable cause to search THE SUBJECT E-MAIL ACCOUNT for
evidence of activities relating to conspiracy to commit
securities fraud and wire fraud, in violation of 18 U.S.C. § 371;
securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff;
and wire fraud, in violation of 18 U.S.C. § 1343 and to seize all
contents referred to in Attachment A.

John Pinto
Special Agent
Federal Bureau of Investigation

Sworn to before me this
9th day of October, 2009

THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

Attachment A

List of Items to be Seized

All records and other stored information pertaining to the categories specified below, in whatever form kept, in the possession or control of Google, 1600 Amphitheatre Parkway, Building 47, Mountain View, California, 94043, relating to the accounts associated with the Gmail e-mail account matt.tannin@gmail.com: *for the time period from August 13, 2007 through November 7, 2007:*

(1) all subscriber information (including subscriber names, addresses, telephone numbers, dates of birth, social security numbers, account numbers, status of account, duration of account and method of payment);

(2) all account history (including customer Terms of Service and any complaints);

(3) all detailed billing records (including date, time, duration, and screen name used each time a particular account was activated);

(4) a complete log file of all activity relating to the account(s) (including dates, times, method of connection, Internet Provider connection log, port, dial-up and/or location);

(5) all records of subscriber account preferences, including but not limited to, the name and Internet address of any "favorite places" or "book-marked" websites specified by the user(s) of the accounts, along with any "address books," "buddy lists," or "member profiles" maintained by, or related to, the account(s);

(6) all e-mail up from August 13, 2007 through November 7, 2007, including any attachments, and all instant messages, sent by or received by the accounts, whether saved or deleted, whether contained directly in the e-mail account or in a customized "folder"; and

(7) all web-pages, including any associated links, that were created or maintained by the user(s) of the above-described account up through from August 13, 2007 through November 7, 2007.